IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MISTY DAWN MINER                                         PLAINTIFF

V.                                   NO. 10-2078

MICHAEL J. ASTRUE,
Commissioner of the Social Security Administration        DEFENDANT

## **MEMORANDUM OPINION**

       Plaintiff, Misty Dawn Miner, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for supplemental security income (SSI) benefits under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g)

       Plaintiff protectively filed her application for SSI on November 26, 2007, alleging an inability to work since July 31, 2006, due to irritable bowel syndrome, depression, dizziness and severe pain on her left side. (Tr. 113, 143). An administrative hearing was held on May 12, 2009, at which Plaintiff appeared with her attorney and testified. (Tr. 22-49).

       By written decision dated October 26, 2009, the ALJ found that although Plaintiff had the following medical impairments - irritable bowel syndrome and cysts - Plaintiff did not have an impairment or combination of impairments that had significantly limited the ability to perform basic work-related activities for twelve consecutive months and therefore, Plaintiff did not have a severe impairment or combination of impairments. (Tr. 57).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on April 19, 2010. (Tr. 1-3). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 3). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 12, 15).

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results

from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity (RFC). See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

### III.  Discussion

In this case, the ALJ determined at step two of the sequential process that Plaintiff was not disabled during the relevant review period because she had no severe impairment or combination of impairments that significantly limited her ability to perform basic work activities.

An ALJ may deny benefits at step two of the sequential evaluation only if a claimant's medical impairments are so slight that it is unlikely he or she would be found to be disabled even if their age, education, and experience were taken into account. Bowen v. Yuckert, 482 U.S. 137, 153 (1987). "A majority of the Supreme Court has adopted what has been referred to as a 'de

AO72A
(Rev. 8/82)

minimis standard' with regard to the step two severity standard." Hudson v. Bowen, 870 F.2d 1392, 1395 (8th Cir. 1989); Funderburg v. Bowen 666 F.Supp. 1291 (W.D. Ark. 1987). "Only those claimants with slight abnormalities that do not significantly limit any 'basic work activity' can be denied benefits without undertaking the vocational analysis." Bowen, 482 U.S. at 158.

As early as 2005, Plaintiff suffered from abdominal pain, and continued to suffer from abdominal pain through August of 2009. (Tr.194, 208-209, 220, 233, 244-245, 249-252, 263, 265, 267, 273-274, 297, 308-311, 313, 398-399, 404, 449-457, 522, 520, 526). She has also taken various medications for pain. (Tr. 41, 118, 184, 209, 406). Plaintiff had reported on January 1, 2007, that her pain was so bad she "can't stand it." (Tr. 233). She testified at the May 12, 2009 hearing that her abdominal pain was constant, and in a May 7, 2009 report by Dr. Linda Ball, Plaintiff stated that she had not been able to lift over ten pounds due to exacerbation of her pain, and was unable to sit still for any significant period of time. (Tr. 398). Plaintiff was attending college to become a teacher, but when she began her teacher observation, she experienced a great deal of pain, and realized that she would not be able to teach.

The Appeals Council entered an order to include medical records that dated from July 3, 2009 to February 3, 2010. (Tr. 4). It does not appear that these records were before the ALJ when she entered her decision,[1] and they reflect that Plaintiff continued to suffer from abdominal pain during that period of time. When the Appeals Council has considered material new evidence and nonetheless declined review, the ALJ's decision becomes the final action of the Commissioner. The Court then has no jurisdiction to review the Appeals Council's action because it is a nonfinal

---

[1] The Court notes that if the ALJ did have the records before her which pre-dated her decision, i.e., those dated July 3, 2009 to October 26, 2009, she did not discuss them. In fact, very little of the medical evidence was discussed in the ALJ's decision.

-4-

agency action. See Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir.1992). At this point, the Court's task is only to decide whether the ALJ's decision is supported by substantial evidence in the record as a whole, including the new evidence made part of the record by the Appeals Council that was not before the ALJ. As the United States Court of Appeals for the Eighth Circuit has noted, "this [is] a peculiar task for a reviewing court." Riley v. Shalala, 18 F.3d 619, 622 (8th Cir.1994). However, once it is clear that the Appeals Council considered the new evidence, then the Court must factor in the evidence and determine whether the ALJ's decision is still supported by substantial evidence. This requires the Court to speculate on how the ALJ would have weighed the newly submitted evidence had it been available at the initial hearing. Flynn v. Chater, 107 F.3d 617, 621 (8th Cir.1997). Thus, the Court has endeavored to perform this function with respect to the newly submitted evidence.

The new evidence submitted to the Appeals Council reflects the following. On August 4, 2009, Dr. Donna Lukasek, who performed Plaintiff's hysterectomy in 2006, performed a laparotomy, and found that Plaintiff had multiple adhesions of the omentum[2] and the bowel to the anterior abdominal wall and also some adhesions to the right tube and ovary. Her impression was: 1. Multicystic right ovary; 2. Chronic pain syndrome; and 3. Tobacco abuse. (Tr. 529-530, 533-534). On January 8, 2010, Plaintiff reported that she fell in December and heard her knee pop, and had been in pain and was unable to fully straighten out her knee. Dr. William Sherrill recommended a MRI, and on January 10, 2010, the MRI revealed moderate knee joint effusion with a questionable plica in the superior joint space, a small Baker's cyst, and fluid extending

---

[2]Omentum - A fold of peritoneum extending from the stomach to adjacent organs in the abdominal cavity. Dorland's Illustrated Medical Dictionary 1339 (31st Ed. 2007).

along the medial head of the gastrocnemius muscle inferior to the Baker's cyst, which might be secondary to rupture of the Baker's cyst. (Tr. 510). On February 3, 2010, a CT scan of Plaintiff's chest revealed a single non-calcified pleural based pulmonary nodule in the right lung base. (Tr. 517).[3]

The fact that Plaintiff has continued to suffer from abdominal pain of some sort since 2005, coupled with the fact that Dr. Lukasek, her surgeon, diagnosed her with multicystic right ovary and chronic pain syndrome in August of 2009, leads the Court to believe that had the ALJ had this medical evidence before her when making her decision on this case, the outcome may very well have been different in that she might have found Plaintiff suffered from a severe impairment. Accordingly, the Court believes that remand is necessary to allow the ALJ to consider this new and material evidence and to complete the sequential step process.

**IV.    Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 7th day of June, 2011.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

---

[3] The Court recognizes that the finding of a lung nodule is not necessarily relevant to Plaintiff's allegations of abdominal pain. However, upon remand, the ALJ should nevertheless address this finding as well as her knee pain.